IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV-23-156-R |
| ) | |
| **OKLAHOMA DEPARTMENT OF** ) | |
| **CORRECTIONS,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is the Report and Recommendation [Doc. No. 18] of United States Magistrate Judge Suzanne Mitchell recommending that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be screened and dismissed as seeking relief outside the scope of habeas. Petitioner filed a timely Objection [Doc. No. 20] and the Court must therefore make a de novo determination of the portions of the Report to which a specific objection is made.[1] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner brings this action pursuant to § 2241 and seeks an order placing him into protective custody. Judge Mitchell concluded that Petitioner's request is not cognizable under § 2241 because it challenges the conditions of his confinement rather than the fact or duration of his sentence. In his Objection, Petitioner reiterates that his claim is brought pursuant to § 2241 and that he is seeking placement in protective custody.

---

[1] Plaintiff also filed a document titled Petition for Injunctive Relief on the Merits [Doc. No. 19] and Notice of Intent to Appeal [Doc. No. 21] after Judge Mitchell issued her Report.

Upon de novo review, the Court agrees that an application for habeas corpus is not the correct vehicle for Petitioner's action. When a prisoner "challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement," he "must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.* Here, Petitioner appears to be challenging the conditions of his confinement as opposed to the fact or duration of his confinement.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 18] in its entirety. For the reasons stated therein, the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is DISMISSED without prejudice to refiling under 42 U.S.C. § 1983. All pending motions [Doc. Nos. 14, 16, 17, 19] are DENIED as moot. A Certificate of Appealability is denied. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

**IT IS SO ORDERED** this 12th day of June, 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE